UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>JESUS FIDEL RODRIGUEZ-OLMOS,<br><br>Defendants. | Case No.:  19-CR-2033 W-CR-2033 W<br><br>**ORDER DENYING MOTION TO REDUCE SENTENCE** |

    On November 4, 2019, this Court sentenced Defendant Jesus Fidel Rodriguez-Olmos to 46 months imprisonment for importation of methamphetamine in violation of 21 U.S.C. §§ 952 and 960.  Defendant now moves for a reduction in sentence under 18 U.S.C. § 3582(c)(1)(A), arguing that his diabetes and hypertension make him particularly vulnerable to becoming seriously ill from COVID-19.

    18 U.S.C. § 3582(c) provides that a defendant may bring a motion only after he has "fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons" to bring a motion on his behalf.  Defendant has satisfied the exhaustion requirement and the Court has jurisdiction and for the reasons below **DENIES** Defendant's motion.

    Under 18 U.S.C. § 3582(c)(1)(A), a court may reduce a defendant's term of imprisonment "after considering the factors set forth in [18 U.S.C. § 3553(a)]" if the court finds that "extraordinary and compelling reasons warrant such a reduction" and

"such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." The United States Sentencing Commission ("USSG") recognizes that certain medical conditions may constitute an "extraordinary and compelling reason" warranting a reduction in sentenced under § 3582. See USSG § 1B1.13. However, application note 1(A) limits a reduction for medical conditions to "terminal illness" or if the defendant is:

> (I) suffering from a serious physical or medical condition,
> (II) suffering from a serious functional or cognitive impairment, or
> (III) experiencing deteriorating physical or mental health because of the aging process,
>
> that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover.

U.S.S.G. § 1B1.13, cmt. n.1(A)(i)-(ii).

Defendant's medical ailments do not meet these limitations. Defendant's Type 2 diabetes has been observed since January 2020 and Defendant has been prescribed between four and six medications, including insulin. Even though Type 2 diabetes is a CDC-identified risk factor, courts have routinely concluded that chronic conditions that can be managed in prison—such as Type 2 diabetes—are not a sufficient basis for compassionate release. United States v. Alvarez, 2020 WL 3047372, at *5 (D. Or. June 8, 2020) (rejecting a motion from a 50-year-old, severely obese defendant suffering from Hepatitis C, diabetes, high blood pressure, high cholesterol, chronic liver disease, and asthma); United States v. Ballenger, No. CR16-5535, 2020 WL 3488157, at *5 (W.D. Wash. June 26, 2020); United States v. Luck, No. 12-CR-888, 2020 WL 3050762, at *2 (N.D. Cal. June 8, 2020); United States v. Hayden, No. 11-CR-393, 2020 WL 4674108, at *2 (D. Or. Aug. 11, 2020). Defendant's hypertension can be managed in prison and is not one of the conditions identified by the CDC as increasing a person's risk for developing serious illness from COVID-19.

Further, Defendant has admitted to having smuggled drugs into the United States on approximately 10 other occasions. The nature of Defendant's offense, in conjunction with this admission, suggest that he would be a danger to the community if he is released from custody before his full term.

Based on the foregoing, Defendant is not eligible for a sentence reduction due to extraordinary and compelling reasons under the USSG policy statement.

**IT IS SO ORDERED**.

Dated: March 24, 2021

Hon. Thomas J. Whelan
United States District Judge